| Fabricated Case | Plaintiff's Use | Court's Research |
|---|---|---|
| *United States v. Dr. Pepper Bottling Co. of Tex.*, 130 F. Supp. 2d 846, 851 (N.D. Tex. 2001) | Plaintiff cites case with parenthetical "(holding that false statements to a federal agency may result in liability)." [65] at p. 13. | After a thorough search, the Court cannot find a case of this styling.<br><br>The legal citation 130 F. Supp. 2d 846 leads to a case *Paris v. Dallas Airmotive, Inc*. This case does not support the parenthetical, and the case ends on 847. There is no page 851 as cited by Billups. |
| **Misrepresentations of Case Law** | | |
| *Jackson v. Gautreaux*, 3 F. 4th 182, 190 (5th Cir. 2021) | Plaintiff cites **eight** different times. [65] at p. 20-32.<br><br>First, Plaintiff states "Under *Jackson* . . . The Fifth Circuit has held that whether a decision-maker had knowledge of relevant facts or obligations is a question for the jury when circumstantial evidence suggests otherwise." *Id*. at p. 20.<br><br>Second, Plaintiff states "A jury, as instructed by *Jackson v. Gautreaux*, is not obligated to accept LMSD's narrative when the handbook and Luke's testimony cast doubt on the policy's enforceability." *Id*. at p. 21.<br><br>Third, Plaintiff states "In *Jackson v. Gautreaux*, circumstantial evidence of a decision-maker's knowledge, here, Turner's receipt of Billups's resume and interactions with community advocates, creates a jury question as to whether LMSD's stated rationale is truthful." *Id*. | The first issue is *Jackson v. Gautreaux* ends on 189. There is no page 190 as indicated by the Plaintiff in all eight references.<br><br>Second, *Jackson v. Gautreaux* is a § 1983 action for excessive force and failure to train. The case bears no relevance to the current action. The only reference to summary judgment is the failure to train claim in which the court held the plaintiff waived for failing to raise in the complaint.<br><br>Third, the words "jury" and "decision-maker" do not appear in the case. There is no reference to the ADEA, discrimination, a policy of any kind, knowledge of a decisionmaker etc. |

Fourth, Plaintiff states "Under *Jackson v. Gautreaux*, a jury is not required to accept LMSD's claim that the internal policy precluded consideration of Billups, particularly when circumstantial evidence, such as community advocacy, board discussions, and Turner's engagement with Billups, suggests that decision-makers were aware of his candidacy and the vacancy's public exposure." *Id*. at 23

Fifth, "A jury, guided by *Jackson v. Gautreaux*, could reasonably reject LMSD's assertions about its internal policy, finding that the decision-makers' knowledge of Billups's application and the vacancy's public exposure undermines their claim of a strictly internal process." *Id*.

Sixth, "The Fifth Circuit's holding in *Jackson v. Gautreaux* reinforces that a jury is not required to accept LMSD's stated rationales when circumstantial evidence suggests that decision-makers acted with knowledge of relevant facts or obligations, such as Billups's application or the ADEA's protections." *Id*. at 28.

Seventh, "A jury, as *Jackson v. Gautreaux* instructs, could reject Shorter's claim that LMSD sought a long-term coach as a pretextual justification, given the circumstantial evidence of his age-based animus and the lack of evidence that Billups was unwilling or unable to serve long-term."

| | | |
|---|---|---|
| | Eighth, "Under *Jackson v. Gautreaux*, a jury is not required to accept LMSD's rationales when such evidence suggests that decision-makers acted with knowledge of Billups's application and the ADEA's protections." *Id*. at 32. | |
| *Jackson v. Cal-W. Packaging Corp.*, 602 F. 3d 374, 380 (5th Cir. 2010) | First, Plaintiff cites to *Jackson* generally, "relying on cases like *Jackson v. Cal-W. Packaging Corp.*, [] which requires that comments be made by a decisionmaker, proximate in time to the employment decision, related to the specific action, and substantive in content to qualify as direct evidence." *Id*. at 8-9.<br><br>Plaintiff then distinguishes *Jackson* from the facts at hand. "In contrast, the remarks in *Jackson* were discounted because they were made by a non-decisionmaker, a fact not applicable here." *Id*. at 9. | The **third criteria** requires the comment to be "made by an individual with authority over the employment decision at issue." Stated differently, the comment must be made by a ***decisionmaker***.<br><br>Plaintiff's briefing claims that *Jackson* held the remarks made were not made by a decisionmaker. This is inextricably false. *Jackson* held that the "alleged comment meets the first and ***third criteria***." In *Jackson*, the comments were discounted because of their proximate timing (which is the second criteria), not because of a non-decisionmaker making them. |
| *Etienne v. Spanish Lake Truck & Casino Plaza, L.L.C.*, 778 F. 3d 473, 476 (5th Cir. 2015) | First, Plaintiff cites to *Spanish Lake* claiming it held the comments did not meet the fourth criteria. Then distinguishes the holding from the facts at hand.<br><br>Second, Plaintiff claims the comments in *Spanish Lake* referenced age.<br><br>"These statements differ markedly from the casual or unrelated remarks rejected in cases like *Etienne v. Spanish Lake Truck & Casino Plaza, L.L.C.*, where comments lacked a clear connection to age or the employment decision." *Id*. at p. 9-10. | The Court held in *Spanish Lake* that "Factors (1), (3), and (4) are ***easily satisfied***" and "[o]nly the second, proximity-in-time factor raises a concern."<br><br>Next, Plaintiff claims the comments made in the case related to age. In fact, *Spanish Lake* dealt exclusively with racial discrimination under Title VII and specifically held that "comments indicate that [plaintiff] was disqualified . . . because of her skin color." 778, F. 3d 473, 477. |