IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**THOMAS BILLUPS**                                                                                  **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO.: 1:24-cv-74-SA-DAS**

**LOUISVILLE MUNICIPAL SCHOOL DISTRICT**                      **DEFENDANT**

**PLAINTIFF'S SUPPLEMENTAL BRIEF FILED BY PERMISSION OF COURT**

**I. INTRODUCTION**

By Order of January 21, 2026, this Court allowed Plaintiff's new counsel to file a supplemental brief. Accordingly, Plaintiff files this brief to explain that the *McDonnell Douglas* burden-shifting methodology is not the exclusive way to prove discrimination and to respond to a new argument made in Defendant's Reply Brief.

**II. ARGUMENT**

**A. THE *MCDONNELL DOUGLAS* BURDEN-SHIFTING METHODOLOGY IS NOT THE EXCLUSIVE WAY TO PROVE DISCRIMINATION IN AN EMPLOYMENT DISCRIMINATION CASE.**

The Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1) makes it unlawful "to fail or refuse to hire . . . any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." However, the statute says nothing about how age discrimination may be proven.

The Supreme Court has developed a model for proving discrimination under an analogous statute, the Civil Rights Act of 1964, 42 U.S.C. §2000e. To guide federal judges in determining whether race discrimination has occurred, the Court held that a judge could find discrimination if plaintiff had made a prima facie case of discrimination and had demonstrated that the non-

1

discriminatory reasons assigned by the employer were pretextual. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 803-4 (1973).

The Court has assumed, without deciding, that this same model may be applied in age discrimination cases. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142 (2000). Furthermore, the Supreme Court has assumed, without deciding, that the *McDonnell Douglas* framework applies at the summary judgment stage of litigation. *Ames v. Ohio Dept. of Youth Servs.*, 605 U.S. 303, 319 (2025) (Thomas, J., concurring).

Lower courts have routinely utilized the *McDonnell Douglas* methodology in age discrimination cases on motions for summary judgment. *See*, e.g., *Stennett v. Tupelo Pub. Sch. Dist.*, 619 F. App'x 310, 314-315 (5th Cir. 2015), (finding that summary judgment was not proper because plaintiff had met the *McDonnell Douglas* elements); *Fitzpatrick v. Pontotoc Cnty., Miss.*, 612 F. App'x 770, 773-774 (5th Cir. 2015) (finding that summary judgment was not proper because the plaintiff had made a prima facie case and produced evidence of pretext); *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222-23 (5th Cir. 2000) (explaining that *Reeves v. Sanderson Plumbing Products*, *Inc.*, 530 U.S. 133 (2000) has rejected the Fifth Circuit's "pretext plus" requirement for proving age discrimination).

No case, however, holds that the *McDonnell Douglas* elements are the <u>exclusive</u> way to prove a circumstantial case of age discrimination. Some respected commentators and judges have opined that the *McDonnell Douglas* criteria should not be used at all. Concurring in *Ames v. Ohio Dept. of Youth Servs.*, 605 U.S. 303, 319 (2025), Justice Clarence Thomas wrote:

> The Court today assumes without deciding that the *McDonnell Douglas* framework is an appropriate tool for making that determination. *Ante*, at 1545, n. 2. But, the judge-made *McDonnell Douglas* framework has no basis in the text of Title VII. And, as I have previously explained, lower courts' extension of this doctrine into the summary-judgment context has caused "significant confusion" and "troubling outcomes on the ground." *Hittle* v. *City of Stockton*, 604 U. S. ——, —— – ——,

2

145 S.Ct. 759, 760–761, 221 L. Ed. 3d 425 (2025) (opinion dissenting from denial of certiorari). In an appropriate case, this Court should consider whether the *McDonnell Douglas* framework is an appropriate tool to evaluate Title VII claims at summary judgment.

Consistent with Justice Thomas' writings, some courts have questioned whether the *McDonnell Douglas* methodology should be used. *Quigg v. Thomas Cnty. Sch. Dist.*, 814 F.3d 1227, 1238 (11th Cir. 2016) noting the "clear incongruity between the *McDonnell Douglas* framework and mixed motive claims . . . "); *Tynes v. Fla. Dept. of Juvenile Justice*, 88 F.4th 939, 946 (11th Cir. 2023) (holding that "*McDonnell Douglas* is only one method by which the plaintiff can prove discrimination by circumstantial evidence.").

Multiple commentators have criticized lower courts who have relied on *McDonnell Douglas*. According to Katie Eyer in *The Return of the Technical McDonnell Douglas Paradigm*, 94 WASH. L. REV. 967, 969 (2019):

> And indeed, scholars have argued for years that the *McDonnell Douglas* paradigm has become deeply flawed. Relying on a hyper-technical version of the *McDonnell Douglas* paradigm, the lower courts routinely refuse to allow discrimination cases to reach a jury. Such analyses rarely focuses on the factual question of whether or not discrimination occurred, substituting technical rules for fair consideration of whether discrimination took place (or whether a reasonable jury could so conclude).

Logically, *McDonnell Douglas* cannot be the exclusive test of whether summary judgment can be granted because such an approach conflicts with FED. R. CIV. P. 56, which precludes summary judgment whenever there are "genuine issues of material fact."

In this case, even if it is accepted as true that Defendant would not hire Plaintiff because it had decided to limit itself to internal applicants, there would remain the genuine issue of material fact as to whether that decision was made in order to keep Plaintiff, who is seventy (70) years old, from applying for the job. In order for Plaintiff to prevail, it is only necessary to show that his age was a "but-for" cause of the decision not to hire him. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167

(2009). "Often, events have multiple but-for causes." *Bostock v. Clayton Cnty., Ga.*, 590 U.S. 644, 658 (2020).

In this case, Defendant may be truthful in claiming it did not seek outside applicants. Yet, that alleged truthful reason would not preclude a finding that Defendant did not seek outside applicants because it did not want the seventy (70) year old Plaintiff as its coach. Such an explanation would also not preclude a finding that the age-biased athletic director influenced the decision not to seek outside applicants and to exclude Plaintiff.

Accordingly, regardless of whether the Court finds that Plaintiff has met the *McDonnell Douglas* elements, it should find that summary judgment should not be granted because there exist issues of material fact as to whether age was a but-for cause of Plaintiff's not being hired. Even if Defendant's reason was not pretextual, a jury could still find that age is the more likely reason for the employment decision. *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305 (5th Cir. 2004).

### B. THE SCHOOL DISTRICT IS LIABLE FOR THE DISCRIMINATORY ANIMUS OF SHORTER, WHO IS ITS "CAT'S PAW" AND ITS AGENT.

On page 2 of its Reply Brief, Defendant argues that any discriminatory motive of athletic director Shorter cannot be imputed to the school district because "Shorter . . . did not have the authority over the employment decision at issue. . ." and only the "school board has the final authority to make employment decisions for the district."

However, the ADEA case, *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 226 (5th Cir. 2000), held:

> If the employee can demonstrate that others had influence or leverage over the official decisionmaker, and thus were not ordinary coworkers, it is proper to impute their discriminatory attitudes to the formal decisionmaker.

4

The *McKinney* holding was approved by the Supreme Court in *Staub v. Proctor Hosp.*, 562 U.S. 411 (2011). This cat's paw analysis applies not only when a supervisor or manager entertains a discriminatory animus, but also when a biased co-worker influences a decision. *Fisher v. Lufkin Indus., Inc.*, 847 F.3d 752, 758 (5th Cir. 2017), a Title VII retaliation case, held: ["In *Gorman v. Verizon Wireless Texas, L.L.C.*, 753 F.3d 165, 171 (5th Cir. 2014), a case involving an allegation of retaliatory discharge in violation of the Texas Commission on Human Rights Act, we recognized that the 'earlier agent' who harbors retaliatory animus may be a coworker, rather than a supervisor."

*Griffin v. Washington Convention Ctr.*, 142 F.3d 1308, 1310 (D.C. Cir. 1998), held: "[E]vidence of a subordinate's bias is relevant where, as here, the ultimate decisionmaker is not insulated from the subordinate's influence."

Additionally, the long-settled law is that under the Age Discrimination in Employment Act, the term "employer," includes the agents of the employer. *Stults v. Conoco, Inc.,* 76 F.3d 651 (5th Cir. 1996), pointed out that the definition of "employer" includes "any agent" of the employer. *Stults*, 76 F.3d at 655 (quoting 29 U.S.C. §630(b)). Since the athletic director is an agent of the school district, his discriminatory animus binds the district.

### III. CONCLUSION

This Court should not use *McDonnell Douglas* as the exclusive test for determining whether Plaintiff's evidence is sufficient to present a jury issue.

Additionally, this Court should hold that the School District is bound by the acts of its agent, the athletic director, who harbored an age-based bias and influenced the decision.

5

RESPECTFULLY SUBMITTED, this the 4th day of March, 2026.

                    Respectfully submitted,

                    By: */s/ Jim Waide*
                        Jim Waide, MS Bar No. 6857
                        Rachel Pierce Waide, MS Bar No. 100420
                        Yance Falkner, MS Bar No. 106107
                        WAIDE & ASSOCIATES, P.A.
                        332 North Spring Street
                        Tupelo, MS  38804-3955
                        Post Office Box 1357
                        Tupelo, MS  38802-1357
                        Telephone:  (662) 842-7324
                        Facsimile:   (662) 842-8056
                        Email:     waide@waidelaw.com
                                      jdw@waidelaw.com
                                      rpierce@waidelaw.com
                                      yfalkner@waidelaw.com

                        ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

This will certify that undersigned counsel for Plaintiff has this day filed the above and foregoing with the Clerk of the Court, utilizing the federal court electronic case data filing system (CM/ECF), which sent notification of such filing to the following:

SO CERTIFIED, this the 4th day of March, 2026.

/s/ Jim Waide
JIM WAIDE